*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re BRADLEY/WALKER, Minors.

UNPUBLISHED
May 19, 2022

No. 358790
Wayne Circuit Court
Family Division
LC No. 2018-001825-NA

Before: BORRELLO, P.J., and SHAPIRO and HOOD, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to the minor children, HW, AMB, and ADB, under MCL 712A.19b(3)(a)(*i*), (a)(*ii*), (c)(*i*), (c)(*ii*), (g) and (j). We affirm.

## I. FACTS

As of October 2018, respondent resided with HW, AMB, and ADB in what the removal petition described as a "known drug house." On an October 9, 2018 visit, a Children's Protective Services worker found that the home lacked working water and had what she described as "deplorable home conditions." Respondent's drug screen came back positive for THC, cocaine, heroin, fentanyl and morphine. After a preliminary hearing, the trial court authorized the petition and the children were later placed with a relative.

At the December 2018 adjudication, respondent made admissions to various allegations in the petition regarding substance abuse and the condition of the home. The trial court assumed jurisdiction over HW, AMB, and ADB, and ordered respondent to comply with the case service plan that included parenting classes, a substance abuse therapy program, individual and family counseling, and weekly drug screens. Respondent was also ordered to maintain suitable housing and income, and to maintain contact with petitioner.

In January 2020, the trial court ordered the filing of a supplemental brief seeking termination of respondent's parental rights. At that point, respondent had yet to complete any aspect of her case service plan, and had not appeared for drug screens or visited with children during the most-recent reporting period. Due in part to the COVID-19 pandemic, the termination

-1-

hearing did not begin until July 2021. Respondent did not attend or participate in any part of the termination hearing, which took place over the course of three days.

After hearing testimony from the foster-care workers who had been assigned to this case, the trial court found that there was clear and convincing evidence to terminate respondent's parental rights under the statutory grounds noted above. The court found that respondent had failed to comply with her case service plan, having completed only the parenting-class course. Though respondent had participated in some family, individual and substance abuse therapy, she had not completed those services. The court also found that respondent's drug problem persisted, noting that she had missed almost all of her drug screens, and that the last screen she submitted was positive for multiple controlled substances. The court also found that respondent did not have suitable housing or a legal source of income and that she had failed to regularly visit HW, AMB, and ADB. The court then concluded that termination of respondent's parental rights was in each child's best interests.

## II. ANALYSIS

Respondent first argues that the trial court clearly erred by finding that petitioner established statutory grounds for termination by clear and convincing evidence.[1]

At the outset, we note that respondent challenges only the trial court's findings under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g) and (j); she does not address the court's finding that petitioner also established grounds for termination under MCL 712A.19b(3)(a)(*i*) and (*ii*) by clear and convincing evidence. Because only one statutory ground for termination under MCL 712A.19b(3) is necessary, see *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011), we could affirm on the basis of MCL 712A.19b(3)(a)(*ii*).[2]

Nonetheless, out of an abundance of caution, we will address whether termination was proper under MCL 712A.19b(3)(c)(*i*), which allows for termination of parental rights if there is clear and convincing evidence that (1) more than 182 days have elapsed since the issuance of the initial dispositional order, (2) "[t]he conditions that led to the adjudication continue to exist," and (3) "there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." MCL 712A.19b(3)(c)(*i*).

---

[1] We review for clear error a trial court's decision that a ground for termination of parental rights exists. *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009) (quotation marks and citation omitted); MCR 3.997(K). A finding is clearly erroneous if this Court "is left with the definite and firm conviction that a mistake has been made." *Id.* (quotation marks and citations omitted).

[2] Although respondent does not challenge the trial court's finding as to MCL 712A.19b(3)(a)(*i*) on appeal, we acknowledge that the trial court clearly erred by concluding that this statutory ground applied to respondent. Unlike MCL 712A.19b(3)(a)(*ii*), MCL 712A.19b(3)(a)(*i*) applies only when "[t]he child's parent is unidentifiable."

These three requirements were satisfied in this case. More than 182 days had elapsed since the initial dispositional order, and there was evidence that the conditions that led to adjudication—respondent's drug use and lack of suitable housing—continued to exist at the time of the termination hearing. Respondent missed 52 out of 62 required drug screens, and the last drug screen she participated in was positive for methamphetamines, cocaine, fentanyl, opiates and codeine. Respondent also failed to complete substance abuse therapy. As for housing, respondents' whereabouts were unknown at the time of termination, and she had not previously obtained suitable housing.

Additionally, the trial court did not err by concluding that there was no reasonable likelihood that respondent would address these conditions within a reasonable time considering the ages of HW, AMB and ADB. Respondent had made little progress on the case service plan in over two years. Further, she did not appear for several court hearings, including the final dispositional review hearing and each day of the termination hearing. Her participation in parenting-time visitation also waned as time progressed; from August 2019 until August 2021, she visited the children about four times. In short, even if respondent was partially compliant with her case service plan by completing parenting classes and engaging in some therapy, the trial court correctly found that there was no reasonable likelihood that respondent would rectify the conditions within a reasonable time.

Because only one statutory ground is necessary to terminate parental rights, we need not address the remaining grounds for termination. See *In re Ellis*, 294 Mich App at 32.

Respondent next argues that the trial court clearly erred by finding that termination was in each child's best interests. We again disagree.[3]

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of the parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). Whether termination is in the child's best interests must be established by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). "[T]he child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home," are all factors for the court to consider when deciding whether termination is in the best interests of the child. *In re White*, 303 Mich App 701, 713; 8463 NW2d 61 (2014). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *Id*. at 714.

The trial court determined that termination was in the best interests of HW, AMB, and ADB because respondent's drug problem was unresolved, she lacked suitable housing, and she had essentially abandoned the children. The court also noted that the children were placed with

---

[3] We also review for clear error a trial court's decision that termination is in a child's best interests. *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012).

their maternal great-grandmother, who was providing for their needs, and whom the children looked to as a mother figure.

The court's findings were supported by the record. The caseworkers' testimony established that respondent visited the minor children only about four times or so in the two years leading up to the termination hearing. From this, the trial court could reasonably infer that the bond between the children and respondent had weakened. Moreover, the caseworkers testified that the children's great-grandmother wanted to adopt them. There was also testimony that the children viewed their great-grandmother as a mother figure, that she had been the only stability they had ever known, and that all their needs were being met in their great-grandmother's home. Although relative placement weighs against termination of parental rights, *In re Olive/Metts Minors*, 297 Mich App 35, 43; 823 NW2d 144 (2012), we see no clear error in the trial court's best-interests determinations under the circumstances of this case.

Affirmed.

/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro
/s/ /Noah P. Hood